UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHRISTOPHER WILKINS, §
    Movant, §
                              §        CIVIL NO. 18-CV-_____
                                    (Related to Crim. No._____)
v. §

UNITED STATES OF AMERICA, §
    Respondent.

RECEIVED
2018 SEP 26 AM 11: 23
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

MEMORANDUM IN SUPPORT 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE

COMES NOW Christopher Wilkins, the Movant in the above titled action, moves this Honorable Court to vacate, set aside, or correct sentence pursuant to § 2255, Movant respectfully submits that the series of events that transpired in this case constitutes a direct denial of movant's rights to effective assistance of counsel, that is guarranted by the Sixth Amendment; Therefore, leading to a direct denial of his Due Process Rights guarranteed by the Fifth Amendment. Movant will present evidence that counsel's deficient performance led to an adverse proceeding, in which he was convicted and unlawfully sentenced for a § 924(o) Count 1/ ; where the validity of the evidence was never questioned, and was illegally obtained. By introducing this evidence it will prove counsel's ineffectiveness, and that being convicted of the Count 924(o) was unconstitutional; therefore the sentence is otherwise subject to collateral attack. A vacation of the Count is the relief being sought, or at the very least an evidentiary hearing should be held to re-examine the underlying issues being presented.

STATEMENT OF ISSUES UNDER CONSIDERATION

A)     FIFTH AMENDMENT DUE PROCESS ABRIDGEMENT:

1

Movant's enhancement and conviction in light of the § 924(o) (Conspiracy to possess a firearm) Count was obtained through counsel's lack of due diligence, combined with bad legal advice; which in turn render's movant's plea not "Knowing or intelligent". Counsel did not explain (in full-detail) how the evidence required to convit movant was obtained; nor did Counsel challenge the admissability of the evidence government presented. In Strickland v. Washington, 466 U.S. 668 the two prong test set forth to measure counsel's effectiveness or lack of, is what movant must demostrate to the Honorable District Court. So we must take a look at the first prong (performance), counsel lack of knowledge, neglect, or desire to research case law pertenant to movant's case. In this instance the court must conclude that when they assign a defendant a counsel, that first , counsel is well versed in criminal law in most areas, secondly is that counsel is in his fiduciary capacity to represent movant to the fullest of his capabilities, and third, counsel has acquired advance superior knowledge. Now we must look at the Count 924(o) movant was convicted of and the elements required to convit movant of the charge. The first element, government must establish is that movant conspired and agreed to carry or use the firearm; The second is that it must be during and in relation to the commission of a crime of violence, drug trafficking, and , further, committed an overt act in furtherance of the conspiracy. The government presented evidence in the discovery that movant was willing to trade 10 grams of heroin for a .38 caliber firearm. See Watson v. United States, 522 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d. The Supreme Court held that a person who trades drugs for guns does not "use" a firearm during and in relation to a drug trafficking crime. Here is counsel first strike at the performance prong, and there will be more to come. What logical counsel would let movant plea out to a 924(o) Count under the evidence that was presented in front of his eyes. See Sentencing Transcripts pg's 1, and 18: Lines 1-11. The government's intention was very clear, mistaken but clear in lines 6-8 "in furtherance of a

drug trafficking crime for which you may be prosecuted in a court of the United states to wit." Movant could not object to this because he is a laymen to the law and is not fully cognitive of the phrases being used, and what language there being used in. The language used that is key in understanding the unlawful conviction in this instance; for the purposes of 18 U.S.C. § 924 is the phrase "in furtherance of" this phrase demands a showing of a sufficient nexus between the firearm advances or promotes the drug crime. See <u>United states v. Ramirez-Rivera</u>, 800 F.3d (1st Cir.). The fact that movant wasn't allowed by law enforcement to purchase or trade drugs for the firearm, and arrested Benjamin Roderick before the transaction could happen further demonstrates a deficient performance by counsel. The nexus between the gun and conspiracy couldn't have existed because movant was not at designated transaction location which shows lack of desire to acquire the firearm. The fact that counsel advised movant to plead out to the 924(o) Count that he did not meet the requirements for, and was unconstitutional, and movant was innocent of is counsel thrid strike of the performance prong. The... right to be heard would be in many cases, of the little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the scienced of law. It charged with a crime, he is incapable, generally, of determinig for himself whether the evidence or indictment is good or bad. See <u>Johnson v. Zerbot</u>, 58 S.Ct. 1019, 304 U.S. 458. So when measuring counsel's performance the courts must examine all reasonable factors and avenues counsel used from arraignment to sentencing.

 Moving on the prejudice prong of the Strickland rule, movant must semostrate that counsel's neglect and below sub par performance led to a negative outcome, thus prejudiced further proceedings such as sentencing and PSR guidelines. By pleading out to the 924(o) Count it enabled the government

3

to give movant a two point enhancement, thus raising his guidelines, and as another after effect disqualifies movant from such BOP programs such as RDAP. By counsel never questioning the validity of the wire taps which were used to obtain the 924(o) conviction, there has been more than a ripple effect that has wrongfully convicted movant in this instance movant is at least entitled to redress and a evidentiary hearing, but movant seeks relief in this matter before the Honorable Court.

Respectfully Submitted,

/s/ *Chris Wilkins*
CHRISTOPHER WILKINS
Reg. No.:
U.S.P. Canaan
P.O. Box 300
Waymanrt, Pa 18472

---

FOOTNOTE 1/:
    Movant is still waiting for wire tap warrants and discovery material to fully challenge and demostrate movant's claim.